■ NOR-SHIRE ASSOCIATES, INC., Appellant, v. CHARLES W. LOWE et al., Respondents.

Memorandum: In this action plaintiff sought foreclosure of a mortgage based upon allegations in the complaint that the individual mortgagors had defaulted in payment of their personal promissory note executed simultaneously with the mortgage. It developed upon the trial that these individuals also had executed a guarantee of payment of a similar note made by a newly formed corporation (Skyline Delivered Homes, Inc.). There was further proof from which the trial court found that this was "a simulated loan to a fabricated corporation" having no assets and used solely as a conduit of the funds from plaintiff to the individual mortgagors. The court in declaring the notes and mortgage invalid held that "The device employed evaded the statute and the defense of usury should prevail." The proof clearly established the defense of usury asserted by the mortgagors as to their liability on their personal promissory note — the only cause of action pleaded. (Cf. General Obligations Law, § 5-511, formerly General Business Law, § 373.) No motion was made upon the trial to amend the pleadings to conform to the evidence. Such relief doubtless would have been granted (CPLR 3025, subd. [c]). There is authority, however, that a motion to amend a pleading may be made following reversal on appeal (3 Weinstein-Korn-Miller, N. Y. Civ. Prac. par. 3025.26; *Smith* v. *Savin*, 141 N. Y. 315, 324). We recognize that an appellate court has discretionary power to allow an amendment to conform the pleadings to the evidence, provided a new cause of action is not introduced. (6 Carmody-Wait 2d, New York Practice, § 34:52.) But here no such application has been made. Plaintiff proceeded on the trial and in this court upon the mistaken assumption that the complaint was bottomed upon the failure of the mortgagors to pay the corporate note that they had guaranteed. When the two notes were offered in evidence counsel for

defendants attempted to object but was summarily silenced by the trial court's statement that "We aren't going to waste any time here on this" and both instruments were received in evidence. We conclude that orderly procedure mandates a new trial, with leave to plaintiff to move to amend its complaint to allege the cause of action it apparently wishes to pursue. Upon another trial the issue may be passed upon in the light of *Leader* v. *Dinkler Mgt. Corp.*, (20 N Y 2d 393). (Appeal from judgment of Onondaga Trial Term in an action to foreclose a mortgage.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.